IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TONY HILTON,** )  )  Plaintiff, )  ) v. ) **Civil No. 12-728-GPM**  ) **JOHN REEVES, and** ) **JODY HATHAWAY,** )  )  Defendants. ) | |

### MEMORANDUM and ORDER

**MURPHY, District Judge:**

Plaintiff, currently incarcerated at Big Muddy River Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that, while he was incarcerated at Shawnee Correctional Center in 2008, he was labeled as a sexual predator. Plaintiff believes that an IDOC Administrative Directive provides that an inmate can be labeled as a sexual predator only after he has been found guilty of an offense charged in a disciplinary report. As a result of being labeled as a predator, he alleges, he has been denied a transfer to a lower security prison, and has been denied access to programs such as drug rehabilitation and vocational training. He alleges that John Reeves, a psychiatric health care provider, and Warden Jody Hathaway labeled hm as a predator and/or have the authority to remove the label. He also alleges that he has not received responses to all of his grievances, the Administrative Review Board was wrong to deny a grievance as untimely, and Warden Hathaway has not responded to his many letters.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has not articulated a colorable federal claim against either Defendant.

No constitutional right is implicated by the labeling of Plaintiff as sexual predator. For the due process clause to be applicable, there must be a protected liberty interest that is being infringed upon. ***Meachum v. Fano*, 427 U.S 215, 223-24 (1976)**. Not every action that carries with it negative consequences creates a liberty interest. ***Moody v. Daggett*, 429 U.S. 78, 86-88 (1976).** "[P]risoners possess neither liberty nor property in their classifications and prison assignments. States may move their charges to any prison in the system." ***DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976))**. *See also* ***Meachum v. Fano*, 427 U.S. 215, 224 (1976) (the Constitution does not guarantee placement in a particular prison).**[1] Further, Plaintiff has no constitutional right to participate in a drug rehab program, vocational training, or a work program. ***DeTomaso***, **970 F.2d at 212-213.** Therefore, the fact that Plaintiff's status as a predator may make him ineligible for such programs is of no constitutional significance.

Plaintiff's claim that prison officials did not follow an Administrative Directive in labeling him as a predator does not state a federal claim that can be pursued in a case brought under Section

---

[1] The caveat to this rule – involving transfer or assignment to a prison where the conditions impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" – does not apply here, where the transfer decision does not involve Tamms Correctional Center, the closed maximum security prison (i.e., supermax prison) in Illinois. *See Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012), *citing Wilkinson v. Austin*, 545 U.S. 209 (2005).

1983. Failure to follow state rules or statutes does not violate Plaintiff's federal constitutional rights. ***Thompson v. City of Chicago*, 472 F.3d 444, 454-455 (7th Cir. 2006).**

Lastly, plaintiff's allegations concerning the grievance process, the lack of response to his grievances and letters, and the Administrative Review Board's erroneous denial of a grievance do not state a claim. A "state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." ***Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995)**. The Constitution requires no procedure at all, and the failure of prison officials to follow their own procedures does not, of itself, violate the Constitution. ***Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).** Further, denying a grievance does not violate the Constitution and cannot form the basis for a claim under Section 1983. ***George v. Smith*, 507 F.3d 605, 609-610 (7th Cir. 2007).**

**Pending motions**

Plaintiff's motion for appointment of counsel **(Doc. 3)** is **DENIED** as moot.

Plaintiff's Motion for Leave to Proceed in Forma Pauperis **(Doc. 2)** will be ruled on in due course.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED** with prejudice.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); ***Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998)**.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 23, 2012.**

           <u>s/ G. Patrick Murphy</u>
           **G. PATRICK MURPHY**
           **United States District Judge**